(Superior Court of Cincinnati—General Term.)

## W. S. LUDLOW et al., v. TRUSTEES OF CINCINNATI SOUTHERN RAILWAY.

*Specific performance—Vague agreement by railway trustees for building bridge over their tracks where they cut through plaintiff's land—Specific performance will only be decreed where the work to be performed is defined with a reasonable certainty.*

(Decided June, 1893.)

MOORE, J.

The plaintiffs, on the twentieth of September, 1873, conveyed to the trustees of the Cincinnati Southern Railway, by deed, in due form of law, certain real estate in the county of Kenton, and the state of Kentucky, upon certain conditions and agreements, one of which was that the said trustees should construct and maintain a bridge over the line of railway which said trustees were about to- and have since constructed through the lands of said plaintiffs, and the premises described in said deed. Said bridge to be erected at any time upon the demand of said grantors over said railway at or near the end of Davie street. Afterwards, on or about December 14, 1889, it was agreed by and between said parties that the location of said bridge should be changed from the point originally mentioned to a point about 27 38-100 poles southwardly therefrom.

The deed of Sept. 20, 1873, contained the following language, and is the only reference to the bridge, to-wit: "It is a condition and a part of the consideration of this deed that said trustees shall construct and maintain, when so required by grantors, a bridge over said railway at or near the end of Davies street."

This is an action for specific performance, and to compel the said defendants to immediately proceed to construct said bridge at the point named, and of the character required by the agreement.

Several defenses are interposed, and prominently, that the contract for the construction of the bridge is so vague and indefinite as to the kind and character to be constructed, that a court of equity can not enforce its specific performance. It is admitted by the pleadings that the agreement is silent as to the form of the bridge or the materials of which the same should be constructed.

Whether a court of equity has power to decree and means to execute its decrees in such cases, are the ultimate questions in this case.

In the first place, the only case in which courts have refused to perform a contract for building or executing works are those in which damages at law will restore the injured party to his original position. In this case that is impossible.

It is the intention of the plaintiffs that when the terms of the contract are general, but the details may be supplied by the law, the contract will be enforced.

The contract calls for the performance of a single act, to-wit, the construction of a bridge; no particular kind, about all is left to the obligors. Having reference to the subject matter of the agreement and the situation of the parties in reference to it, the contract must be held to mean that the defendants agreed to build a bridge which would connect the two parts of plaintiff's lands, which were about to be severed by defendant's railroad, so that persons and vehicles could pass over the railroad as they had before passed over the surface.

There are many cases in which the objection of indefiniteness and uncertainty has been held fatal to the claim for specific performance, and the discussion involves these grounds:

First—That the work to be done, be defined.

Second—That the plaintiff has a material interest in its execution, which can not be compensated for by damages.

Third—That defendants have, by the contract, obtained possession of the land upon which the work is to be done; Fry on Specific Performance, p. 42, citing 9 Beav. 497; L. R., 9, Eq. 28. If the application of these requirements can be made to the facts in this case, the right of the plaintiff to the relief asked, is clear.

In the case of the Port Clinton R. R. Co. v. the Cleveland & Toledo R. R. Co., 13 Ohio St. 553, although the decision there was, that it was not competent for a court to decree the specific performance of a contract to operate a railroad, requiring, as it would, personal acts involving the continuous exercise of skill and judgment, under varying circumstances and emergencies, it could only be in a case where the demand for the exercise of such a power was stringent, and the circumstances such as to authorize the court in making an order to limit its duration as to time, and to define, to some proper and reasonable extent, the mode and manner in which it should be obeyed. A variety of cases are referred to as cited by Story's Eq. Jur., secs. 725, 727, in which diversity of opinion is expressed as to the propriety of a specific performance, the building a house on particular land, the covenant to build must have a definite certainty as to size, materials, etc. Other cases are cited to show that in cases where a specific performance will be decreed is where the work to be performed is defined with a reasonable certainty, notably: Stuyvesant v. Mayor, etc., 11 Paige, 414; Storer v. Great Western Ry., 2 Younge & Coall. 48; Taylor v. Partington, 7 De Gex, M. & G. 328; The Southwestern Ry. v. Wythes, 31 E. L. & E. 226.

Admitting that it is the province of a court to execute an agreement framed in general terms, where the law will supply the details, we must stop to inquire whether the details are to be supplied in modes which cannot be adopted by the court—who is to say what kind of a bridge is to be built?

The testimony in this case shows that the parties are wide apart in their estimates of the cost and character of the structure. One of the plaintiffs has threatened to interfere if the defendants attempt to build a bridge according to a certain proposition, and costing about $1,700, and which the defendants' civil engineer estimated would be sufficient for the purpose of the agreement, the said plaintiff insisting upon a bridge costing from $16,500 to $26,500.

The testimony shows that, and the claim of the defendants is, that $1,700 will build a bridge of the usual kind at such a place. It is here demonstrated that $1,700, or an amount of money somewhat more than that, will construct a bridge at the original point, and yet the plaintiffs say they are not asking for that relief, but want an expenditure of many thousands more.

There is another difficulty in attempting to execute the contract. The deed of September 20, 1873, provides that a bridge shall be constructed over the railway at, or near, Davies street. At that time there was but one track of the railway to be spanned. If constructed now, with additional tracks, and under the subsequent agreement, the bridge would be over 200 feet long, instead of 80 feet, as in the first instance, and would require approaches over lands in which the trustees have no ownership, and no power to acquire it.

The record shows that the parties are unable to agree, and are in a state of disagreement as to the cost and character of the structure. The plaintiffs are not in a condition to ask a specific performance where an absolute refusal to build a bridge does not appear.

Decree for defendant.

Vol. II—To Sig. 22—Reprinted on account of errors in original.